IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHARON K. MILBURN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-cv-03264 |
| ) | |
| NANCY A. BERRYHILL,[1] Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 19). Magistrate Judge Schanzle-Haskins recommends that this Court (1) deny Plaintiff Sharon K. Milburn's Motion for Summary Judgment (d/e 13), (2) grant Defendant's Motion for Summary Affirmance (d/e 17), and (3) affirm Defendant's decision that Plaintiff was not disabled under the Social Security Act. For

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill, the Acting Commissioner of Social Security, has been substituted as the Defendant in this case.

the reasons set forth below, the Court ACCEPTS and ADOPTS the Report and Recommendation, subject to two factual revisions.[2]

## I. **LEGAL STANDARD**

When a magistrate judge proposes factual findings and recommendations, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id. The district court reviews de novo any part of a magistrate judge's report and recommendation to which a specific written objection has been made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). "If no objection or only partial objection is made, the district court judge reviews

---

[2] Magistrate Judge Schanzle-Haskins states that physical therapist Tatyana Beyzerov found that Plaintiff "had a normal gait for her age with normal velocity and accuracy." Report and Recommendation, p. 11. But the records from Plaintiff's October 2013 appointment with Ms. Beyzerov indicate that Ms. Beyzerov's findings regarding velocity and accuracy concerned eye movements, not gait. See R. 1164 (listing results of oculomotor examination). Magistrate Judge Schanzle-Haskins also states that Dr. Michele Womontree, after examining Plaintiff in October 2013, agreed with the opinions Dr. Howard Tin formed after examining Plaintiff in April 2013. Report and Recommendation, p. 13. However, Dr. Tin found that Plaintiff had no difficulties in maintaining social functioning or maintaining concentration, persistence, or pace, while Dr. Womontree found mild difficulties in these categories. R. 118, 129. These factual discrepancies do not change the fact that Magistrate Judge Schanzle-Haskins did not commit clear error in determining that Defendant's decision that Plaintiff was not disabled was supported by substantial evidence.

those unobjected portions for clear error." Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999). Under the clear error standard, the district court can overrule a magistrate judge only if the district court "is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (7th Cir. 1997).

## II. BACKGROUND

On February 9, 2018, Magistrate Judge Tom Schanzle-Haskins issued a Report and Recommendation in which he determined that Defendant's decision that Plaintiff was not disabled under the Social Security Act was supported by substantial evidence. Although afforded an opportunity to file objections to the Report and Recommendation, Plaintiff filed no objections.

The Court adopts the facts as presented by Magistrate Judge Schanzle-Haskins in the Report and Recommendation, subject to the two revisions noted above. Because Plaintiff has not objected to the Report and Recommendation, the Court will forego a detailed recitation of the facts and instead discuss in its analysis the relevant facts on which the Court relies in accepting and adopting the Report and Recommendation.

# III. ANALYSIS

In the Report and Recommendation, Magistrate Judge Schanzle-Haskins determined that Defendant's decision that Plaintiff was not disabled was supported by substantial evidence. Reviewing this decision for clear error, the Court is not left with a "definite and firm conviction that a mistake has been made." Weeks, 126 F.3d at 943.

On review, Defendant's decision that Plaintiff was not disabled must be affirmed if it is "supported by substantial evidence." 42 U.S.C. § 405(g). Substantial evidence is relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." Elder v. Astrue, 529 F.3d 408, 413 (7th Cir. 2008). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." O'Connor-Spinner v. Astrue, 627 F.3d 614, 618 (7th Cir. 2010). In determining whether the Defendant's decision was supported by substantial evidence, this Court is prohibited from substituting its judgment for that of the Administrate Law Judge (ALJ). See Alvarado v. Colvin, 836 F.3d 744, 747 (7th Cir. 2016).

The ALJ, in finding that Plaintiff was not disabled, relied on the fact that Plaintiff consistently scored between 65 and 75 on the Global Assessment of Functioning (GAF) Scale. These scores indicate that Plaintiff had, at most, mild symptoms or some difficulty functioning. See Report and Recommendation, pp. 6-7. As noted by Magistrate Judge Schanzle-Haskins, these GAF scores were supported by objective medical findings. Specifically, at times, Plaintiff was observed walking without the use of her cane. MRI and EEG results ruled out the possibility that Plaintiff was suffering from epilepsy or seizures, and physical therapist Tatyana Beyzerov found that Plaintiff did not suffer from any vestibular problems. The clinical neuropsychologist who evaluated Plaintiff in November 2013, Dr. Dongwook Lee, found it unlikely that Plaintiff's 1986 injury was "affecting her current cognitive function." R. 1139. Further, Plaintiff reported having taken trips to Florida and Mexico and having performed household chores after her alleged disability onset date. Defendant's decision that Plaintiff was not disabled is supported by substantial evidence.

In support of her summary judgment motion, Plaintiff argues that a remand is required because the ALJ did not take into

account the opinions of Dr. Elizabeth Kuester, Dr. Donna Hudspeth, and Dr. Stephen G. Vincent. Notably, all of these opinions were offered in or before December 2011, which is significant because Plaintiff amended the onset date of her alleged disability to October 5, 2012. See R. 48-49. In fact, at the time that Dr. Kuester, Dr. Hudspeth, and Dr. Vincent issued their opinions, Plaintiff was working for FedEx, earning between $30,000 and $35,000 a year. See R. 58-59. Therefore, even assuming the ALJ erred in not considering the opinions of Dr. Kuester, Dr. Hudspeth, and Dr. Vincent, the error would be harmless. See Parker v. Astrue, 597 F.3d 920, 924 (7th Cir. 2010), as amended on reh'g in part (May 12, 2010) (noting that harmless error "is applicable to judicial review of administrative decisions"). Indeed, given the abundant, more recent medical evidence regarding Plaintiff's condition, the Court is convinced that the ALJ would reach the same result if the case were remanded for consideration of the opinions of Dr. Kuester, Dr. Hudspeth, and Dr. Vincent. See McKinzey v. Astrue, 641 F.3d 884, 892 (7th Cir. 2011) ("[W]e will not remand a case to the ALJ for further specification where we are convinced that the ALJ will reach the same result.").

Plaintiff also argues that the ALJ erred in assessing Plaintiff's credibility, particularly because the ALJ did not consider Plaintiff's work history. The ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects" of her symptoms "are not entirely credible." R. 30. The ALJ explained that Plaintiff's claims of an extremely limited residual functional capacity (RFC) "are not demonstrated by the medical records." Id. Given that the medical records reviewed and referenced by the ALJ, records dated after Plaintiff's alleged disability onset date, did not support a finding that Plaintiff was suffering from a severe impairment, the ALJ's statements concerning the intensity, persistence, and limiting effects of Plaintiff's symptoms were not patently wrong.[3]  See Gerstner v. Berryhill, 879 F.3d 257, 264 (7th Cir. 2018) (noting that credibility findings will be overturned only if "patently wrong").

The fact that the ALJ did not consider Plaintiff's work history does not require a remand. An ALJ is not statutorily required to

---

[3] Despite Defendant's contention to the contrary, SSR 16-3p, in which the Social Security Administration determined that an ALJ should not make general credibility determinations in evaluating a claimant's statements, applies retroactively to judicial review of Defendant's decision that Plaintiff was not disabled. See Srp v. Colvin, No. 15-CV-3006, 2016 WL 4487831, at *4–5 (C.D. Ill. Aug. 25, 2016).

consider a claimant's work history, but "a claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." Stark v. Colvin, 813 F.3d 684, 689 (7th Cir. 2016) (internal quotation marks omitted). However, "work history is just one factor among many, and it is not dispositive." Loveless v. Colvin, 810 F.3d 502, 508 (7th Cir. 2016). Given the discrepancies between the objective medical findings relied upon by the ALJ and Plaintiff's statements regarding her inability to work, the ALJ's failure to reference Plaintiff's work history is not enough to negate the substantial evidence supporting Defendant's decision that Plaintiff was not disabled. See id.

Because Plaintiff has not developed her argument that the ALJ erred by failing to consider her need to use a cane in determining her RFC, the Court will not address this point. See Crespo v. Colvin, 824 F.3d 667, 674 (7th Cir. 2016) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.").

In conclusion, Magistrate Judge Schanzle-Haskins did not commit clear error in holding that Defendant's decision that Plaintiff was not disabled was supported by substantial evidence.

Because Defendant's decision is supported by substantial evidence, the decision must be affirmed by the Court.  See 42 U.S.C. § 405(g).

## IV. **CONCLUSION**

For the reasons stated, it is ORDERED that:

**(1)  The Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 19) is ACCEPTED and ADOPTED, subject to the two factual revisions discussed above.**

**(2)  Plaintiff's Motion for Summary Judgment (d/e 13) is DENIED.**

**(3)  Defendant's Motion for Summary Affirmance (d/e 17) is GRANTED.**

**(4)  Defendant's decision that Plaintiff was not disabled under the Social Security Act is AFFIRMED.**

**(5)  THIS CASE IS CLOSED.**

ENTER:  March 8, 2018

/s/ *Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE